## ROACH v. MOULTON.

1. PROCESS.—A writ of error is fatally defective, under the territorial statute, which does not run in the name of the United States. But see *Illsley v. Harris*, 10 Wis. 85.
2. REPLEVIN—AFFIDAVIT.—The better opinion is, that in an action of replevin before a justice of the peace, the value of the property should be stated in the affidavit for the writ, in order to show that the case is within the jurisdiction of a justice of the peace.

(1 *Chand.* 187.)

Roach vs. Moulton.

ERROR to the District Court for *Iowa* County.

This was an action of replevin brought by the defendant in error before a justice of Iowa county, who rendered a judgment in favor of the plaintiff below, the defendant in error. A *certiorari* was brought to the district court of Iowa county, and that court affirmed the judgment of the justice.

Various errors were assigned by the plaintiff in error in this court, some of which were taken in the court below, one of which was, that the process issued by the justice did not run in the name of the United States; and that unless it did no jurisdiction was obtained over the subject-matter of the suit; another of which was, that no jurisdiction was acquired by the justice, because the affidavit on which the original process issued did not state the value of the property for which the action was brought.

*G. W. Lakin*, for the plaintiff in error, insisted that the justice had acquired no jurisdiction to issue the first process : 1. Because there was no value stated in the affidavit of the property sought to be replevied.    2. That the process was. not served as directed by statute.

*J. H. Knowlton*, for the defendant in error, argued as to the first objection to the jurisdiction of the justice, that by the provisions of the act in regard to the issue of process, under the article regulating the action of replevin, it did not require that the process should issue in the name of the United States. Rev. Stat. § 334.

To the second objection he referred to the statute (page 334,) and claimed that there was no requirement that the value of the property sought to be replevied should be specified in the affidavit upon which the writ issued ; and he also insisted that where, as in this case, intermediate questions had arisen before the justice, in the joining of the issue, and which were decided and overruled by the justice, and the parties joined an issue and went to trial on the merits, a *certiorari* would not lie to correct the errors in decisions on the questions arising inter-

mediately; and to this point he cited 6 Hill, 621; 1 Denio, 222.

JACKSON, J.    This was an action of replevin brought by the defendant in error against the plaintiff in error, before Thomas James, Esq., a justice of the peace of Iowa county, to recover possession of a horse.    The action was tried before the justice, and a judgment rendered by him in favor of the defendant in error; whereupon the said plaintiff in error sued out his writ of *certiorari* to the Iowa county district court, where the judgment of the said justice James was affirmed. To reverse the judgment of the district court, the plaintiff in error has prosecuted a writ of error to this court.    There are several grounds of error assigned; but as we are entirely satis-fied that the second ground of error assigned is well taken, and should cause a reversal of the judgment, we do not deem it necessary to advert particularly to the other grounds of objection taken to the proceedings.    The second error alleged is, that "the writ of replevin is clearly defective in this, that it does not run in the name of the United States, which is an absolute requisition of the statute."

The provision of the statute here referred to, is that con-tained in the 7th section of the 3d article of the "Act con-cerning justices of the peace," on page 323, which is in the following words: "*All process* issued by justices of the peace shall run in the name of the United States, be dated on the day it is issued, and shall be signed by the justice granting the same, and be directed to the sheriff or any constable of the proper county."

This is an imperative provision of the statute, designed to have universal application to "*all process*," issued by justices of the peace; and the statutory form of a writ of replevin, given in a subsequent portion of the "Act concerning justices of the peace," in the article "regulating the action of replevin," on page 334 of the Revised Statutes, cannot reasonably be

construed so as to render inoperative the express provision referred to. The form of the writ, therefore, must be controlled by and conform to this provision.

As to the question of jurisdiction raised, without undertaking to decide it in this case, we are clearly of opinion that in an action of replevin, it is much the safer practice to allege the value of the property in the affidavit, which is the foundation of the proceedings, and thus affirmatively show in the first instance, that the justice has jurisdiction.

The judgment of the court below is reversed.